ACCEPTED
15-24-00038-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/18/2025 4:39 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00038-CV**

# In the Court of Appeals for the Fifteenth Judicial District Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/18/2025 4:39:24 PM
CHRISTOPHER A. PRINE
Clerk

Jane Nelson in her Official Capacity as Secretary
of State for the State of Texas,

*Appellant,*

*v.*

Jarrett Woodward and Heather Couchman,

*Appellees.*

On Appeal from the
261st Judicial District Court, Travis County

## MOTION FOR REHEARING

Jarrett Woodward
7520 Potranco Rd.
Apt 2616
San Antonio, TX 78251
Digging4au@protonmail.com
210-693-7457
**Pro Se Appellee**

Heather Couchman
16511 Stone Ridge Dr.
San Antonio, TX 78232
HeatherNTX@protonmail.com
210-943-6020
**Pro Se Appellee**

# Table of Contents

**INDEX OF AUTHORITIES**......................................................................3

**BASIS FOR REHEARING**.....................................................................4

**SUMMARY OF THE ARGUMENTS**.....................................................4

**ARGUMENT**...........................................................................................5

**I. APPELLEES HAVE CONSTITUTIONAL STANDING**...................5

**II. DUE PROCESS INCLUDES THE AMENDING OF THE PETITION**.......7

**III. TEXAS SUPREME COURT PRECEDENT**...................................9

**PRAYER**................................................................................................12

**CERTIFICATE OF SERVICE** ............................................................13

**CERTIFICATE OF COMPLIANCE** ...................................................13

# Index of Authorities

**Cases**

*De Shazo v. Webb*..............................................................................................9

*De Shazo v. Webb*, 109 S.W.2d 264, 269–70 (Tex. App.—Eastland 1937, no writ) (emphasis added), *certified question answered*, 113 S.W.2d 519 (Tex. 1938)....10

*Duncan v. Willis*, 157 Tex. 316, 320, 302 S.W.2d 627, 630 (1957).........................6

*Eubanks*, 2024 WL 4886621.................................................................................7

*Jorolan v. Eads* No. 02-23-00338-CV (Tex. App. 2nd Dist. Nov. 2024, pet. reversed and remanded) ........................................................................9, 11

*Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002)..................................................................................................11

*Massay v. Studer*, 11 S.W.2d 227, 228 (Tex. App.—Amarillo 1928, no writ).......10

*Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App.–15th Dist. Nov. 26, 2024, pet. denied) ............................................................7

*Nelson v. True Tex.*, 685 S.W.3d 187, 195–96 (Tex. App.—Amarillo 2024, no pet.) ..........................................................................................................11

*Porter v. Nemir*, 900 S.W.2d 376, 384 (Tex.App.- Austin 1995, no writ)...............8

*Scoresby v. Santillan*, 287 S.W.3d 319, 324 (Tex. App.—Fort Worth 2009), *aff'd*, 346 S.W.3d 546 (Tex. 2011) .......................................................................10

**Rules**

T.R.C.P. 63....................................................................................................8

**Statutes**

Tex. C.P.R.C. § 27.001(1) ..................................................................................5

Tex. C.P.R.C. § 27.001(2) ..................................................................................6

Tex. C.P.R.C. § 27.001(3) ..................................................................................6

Tex. C.P.R.C. § 27.001(4)(A)(ii).........................................................................6

Tex. C.P.R.C. § 27.001(4)(A)(iv)........................................................................6

Tex. C.P.R.C. § 27.001(5) ..................................................................................6

Tex. C.P.R.C. § 27.001(7)(B) .............................................................................6

Tex. C.P.R.C. § 27.002 ......................................................................................5

Tex. Elec. Code § 221.003(a) .............................................................................8

Tex. Elec. Code § 221.003(a)(1).........................................................................8

Tex. Elec. Code § 221.003(b) .............................................................................8

Tex. Elec. Code § 231.002 .................................................................................8

Tex. Elec. Code § 233.014(g).............................................................................8

**Constitutional Provisions**

Tex. Const. art I § 19.........................................................................................9

Tex. Const. art I § 2...........................................................................................5

Tex. Const. art I § 27................................................................................5, 7
Tex. Const. art I § 8....................................................................................5

TO THE PANEL ON THE FIFTEENTH COURT OF APPEALS:

## Basis for Rehearing

1.  The Fifteenth Court of Appeals issued an unconstitutional order reversing the trial courts order and dismissing this election contest on April 3, 2025 which violates Appellees' constitutionally protected activities.

    a.  Whether this court erred in dismissing Appellee's election contest for lack of standing deprives Appellees' of free speech.

    b.  Whether this court erred in dismissing Appellee's election contest for lack of valid claims deprives Appellee's of due process.

2.  As an intermediate appellate court, the Fifteenth Court of Appeals is bound to follow Texas Supreme Court authority.

## Summary of the Arguments

**I**. Appellees filed and served a valid election contest upon Appellant on November 17, 2023, prior to the completion of the final canvass. Appellees possess constitutional standing to participate in special legislative proceedings. Dismissal on standing violates Appellees' civil rights.

**II**. Appellees stated a proper claim under Texas Election Code and are entitled to amend their petition without leave of the court up to 7 days prior to trial. Election contests are governed by the Texas Rules of Civil Procedure.

**III**. The Texas Supreme Court decided over 80 years ago that the Texas Constitution authorizes such standing distinct and apart from federal constitutional imperatives.

## Argument

### I. Appellees Have Constitutional Standing

"All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit." Tex. Const. art I § 2 "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech" Tex. Const. art I § 8 "The citizens shall have the right, in a peaceable manner, to…apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstance." Tex. Const. art I § 27.

The Civil Practices and Remedies Code exists "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and,

5

at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. C.P.R.C. § 27.002

"'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." Tex. C.P.R.C. § 27.001(1)  "'Exercise of the right of association' means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern." Tex. C.P.R.C. § 27.001(2)  "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government." Tex. C.P.R.C. § 27.001(5)  "'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." Tex. C.P.R.C. § 27.001(3)  A fraudulent election being conducted with prohibited voting systems and illegal votes being counted is a matter of political interest to the community. Tex. C.P.R.C. § 27.001(7)(B)  "'Exercise of the right to petition' means: a communication in or pertaining to an official proceeding, other than a judicial proceeding, to administer the law" Tex. C.P.R.C. § 27.001(4)(A)(ii) and "a legislative proceeding". Tex. C.P.R.C. § 27.001(4)(A)(iv)  "An election contest is not an ordinary lawsuit but is a special legislative proceeding." *Duncan v. Willis*, 157 Tex. 316, 320, 302 S.W.2d 627, 630

(1957).

It is not disputed that "the Voters' contest was both filed and served before the actual deadline in the Election Code" and "the Secretary received the petition and citation "before the final official canvass [was] completed."  "the only prerequisite for suit or provision for notice imposed by state statute on persons filing an election contest is to file and serve the Secretary "before the final official canvass is completed." TEX. GOV'T CODE § 233.014(b). The Voters complied with that requirement." *Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App.–15th Dist. Nov. 26, 2024, pet. denied)

"In other words, the requirement of a particularized harm that is actual or imminent is" not "constitutionally required because" Appellees' are engaged in constitutionally protected activities of a legislative proceeding.  This court's opinion confirms Appellee's complied with the only prerequisite for filing an election contest. The court lacks constitutional authority to dismiss this case for lack of standing and prevent Appellees from exercising their right to free speech and to redress their grievances by petition. Tex. Const. art I § 27

## II. Due Process Includes the Amending of the Petition

The court erred in the dismissal of this contest for lack of valid claims to plead an election contest.  "[T]o allege a viable claim under the Election Code, the

Voters had to allege facts that could support a claim that the true outcome would have been different if their claims were valid." *Eubanks*, 2024 WL 4886621, at *5 (citing Tex. Elec. Code § 221.003). As in Eubanks, Appellees assert that the true result of the election cannot be ascertained, but they do not explain why that is so. *Id*."

"Contestants assert that the outcome of the contested election, as shown by the official results and official canvass, is not the true outcome. Tex. Elec. Code § 221.003(a). Contestants contend that illegal votes were counted. Tex. Elec. Code § 221.003(a)(1). "In this title, 'illegal vote' means a vote that is not legally countable." Tex. Elec. Code § 221.003(b)." CR pg 4  Appellees' clearly made a claim that covers the scope of inquiry for election contests. "Any question relating to the validity or outcome of a constitutional amendment election may be raised in an election contest. A contest is the exclusive method for adjudicating such questions." Tex. Elec. Code § 233.014(g)

Appellees have never amended their original petition. "The rules governing civil suits apply to election contests in the district court." Tex. Elec. Code § 231.002  "Parties may amend their pleadings…as they may desire by filing such pleas with the clerk at such time as to not operate as a surprise to the opposite party". T.R.C.P. 63  The right to amend more than seven days before the date of trial is only subject to the opposing party's right to show surprise. *Porter v. Nemir*,

8

900 S.W.2d 376, 384 (Tex.App.- Austin 1995, no writ). Dismissing this election contest without affording Appellees the opportunity to amend their petition silences their free speech without due process under the law.

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art I § 19. "Civil injury, if any damage done to a person or a property that is precipitated by a breach of contract, negligence, breach of duty, any harm done to a person by the acts or omissions of another or loss of a legal right, my legal right to cast a legal ballot in illegal election equipment, that the Contestee was negligent in breach of duty." RR 27

If this court disagrees with the district court's ruling that the pleadings were sufficient to state a viable claim, then it is a curable defect as appellees have not amended their petition. The only proper ruling in this case, is to remand back to the district court and request Appellees amend their petition to provide clarification on their claims of illegal votes being counted and additional information on how "the true result of the election cannot be ascertained."

**III. Texas Supreme Court Precedent**

"In *De Shazo v. Webb*, the supreme court expressly held that an amendment to Article V, Section 8 of the Texas constitution—by expressly conferring

9

jurisdiction to adjudicate "contested elections" upon district courts—authorized the legislature to grant standing or "capacity" to citizen contestants, including residents and qualified voters, without a showing of a justiciable interest in the outcome of the election, i.e., a concrete, particularized injury distinct from the public at large. 113 S.W.2d 519, 520 (Tex. 1938) (answering certified question from the Eleventh Court of Appeals)." *Jorolan v. Eads* No. 02-23-00338-CV (Tex. App. 2nd Dist. Nov. 2024, pet. reversed and remanded) "observing that the legislature, "recognizing the fact that a wrong might be perpetrated, for which there was no remedy," enacted the same statute "in order that a remedy might be furnished whereby fraudulent elections . . . might be contested")). Stated differently, because the legislature understood that the absence of a justiciable interest—i.e., the concrete, particularized injury required for civil suits—in individual citizens and voters left the public at large without remedy for fraudulent elections, it conferred standing upon them by statute to contest such elections without demonstrating such a justiciable interest." *Massay v. Studer*, 11 S.W.2d 227, 228 (Tex. App.—Amarillo 1928, no writ)

Furthermore, "there is no doubt that the issue of whether a citizen contestant required a concrete, particularized injury to maintain an election contest was before the supreme court in *De Shazo*—and the court confirmed that no such injury was a prerequisite for standing lest the public at large lose a remedy for fraudulent

elections. *De Shazo v. Webb*, 109 S.W.2d 264, 269–70 (Tex. App.—Eastland 1937, no writ) (emphasis added), *certified question answered*, 113 S.W.2d 519 (Tex. 1938)

"As an intermediate appellate court, we are bound to follow Texas Supreme Court authority. *See, e.g.*, *Scoresby v. Santillan*, 287 S.W.3d 319, 324 (Tex. App.—Fort Worth 2009), *aff'd*, 346 S.W.3d 546 (Tex. 2011). As that court has stated, "It is not the function of a court of appeals to abrogate or modify established precedent[; t]hat function lies solely with" the Texas Supreme Court. *Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002). Given the continued authority of *De Shazo*, the unambiguous language of Section 233.002, and the undisputed status of Appellants as "qualified voters" in Denton County, we hold that Appellants need not demonstrate a concrete, particularized injury distinct from the public at large to maintain their standing to contest the transportation-bond election; the trial court erred in so holding. See *Nelson v. True Tex.*, 685 S.W.3d 187, 195–96 (Tex. App.—Amarillo 2024, no pet.) (considering associational standing of qualified voters under Section 233.002 to contest the outcome of a statewide constitutional amendment election without discussing any necessity for a concrete, particularized injury distinct from the public at large)." *Jorolan v. Eads* No. 02-23-00338-CV (Tex. App. 2nd Dist. Nov. 2024, pet. reversed and remanded)

## Prayer

Appellees move this court to grant this petition for rehearing; confirm Appellees have standing to engage in constitutionally protected activity, reverse the unconstitutional order of dismissal, provide the opportunity to amend the election contest petition, remand back to the district court for further proceedings and grant all other relief to which Appellees may be entitled.

Respectfully submitted,

*/s/ Jarrett Woodward*
Jarrett Woodward
210-693-7457
Digging4au@protonmail.com
**Pro Se Appellee**

*/s/ Heather Couchman*
Heather Couchman
210-943-6020
HeatherNTX@protonmail.com
**Pro Se Appellee**

## Certificate of Service

On April 18, 2025, this document was served on Appellant via efiling and electronic mail.

/s/ Jarrett Woodward
Jarrett Woodward
**Pro Se Appellant**

## Certificate of Compliance

I certify that this brief is in compliance with T.R.C.P. 9.4. Microsoft Word reports that this brief contains 1,833 words, excluding exempted text.

/s/ Jarrett Woodward
Jarrett Woodward
**Pro Se Appellant**

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

———————

Jane Nelson in her Official Capacity as Secretary
of State for the State of Texas,
*Appellant,*

*v.*

Jarrett Woodward and Heather Couchman,
*Appellees.*

———————

On Appeal from the
261st Judicial District Court, Travis County

———————

## Appendix

———————

|   |   | TAB |
|---|---|---|
| 1. | T.R.C.P. 63…………………………………………………………… | A |
| 2. | Tex. C.P.R.C. § 27.001……………………..……...…………..….. | B |
| 3. | Tex. C.P.R.C. § 27.002……………………..……………………… | C |
| 4. | Tex. Const. art. I § 19……………………………………………… | D |
| 5. | Tex. Const. art. I § 2……………………………………..….…….. | E |
| 6. | Tex. Const. art. I § 27……………………..………….…….…...... | F |
| 7. | Tex. Const. art. I § 8………………….…………………………… | G |
| 8. | Tex. Elec. Code § 221.003……………………..……………….…H | H |
| 9. | Tex. Elec. Code § 231.002……………..…….…………….…...…..I | I |
| 10. | Tex. Elec. Code § 233.014(g)……...……………..……..………….J | J |

TAB A: T.R.C.P. 63

https://www.txcourts.gov/media/1457525/texas-rules-of-civil-procedure.pdf

## RULE 63.   AMENDMENTS AND RESPONSIVE PLEADINGS

Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

### Notes and Comments

Comment to 1990 change: To require that all trial pleadings of all parties, except those permitted by Rule 66, be on file at least seven days before trial unless leave of court permits later filing.

TAB B: Tex. C.P.R.C. § 27.001

CIVIL PRACTICE AND REMEDIES CODE

TITLE 2. TRIAL, JUDGMENT, AND APPEAL

SUBTITLE B. TRIAL MATTERS

CHAPTER 27.  ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS

Sec. 27.001.  DEFINITIONS.  In this chapter:

(1)  "Communication" includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic.

(2)  "Exercise of the right of association" means to join together to collectively express, promote, pursue, or defend common interests relating to a governmental proceeding or a matter of public concern.

(3)  "Exercise of the right of free speech" means a communication made in connection with a matter of public concern.

(4)  "Exercise of the right to petition" means any of the following:

(A)  a communication in or pertaining to:

(i)  a judicial proceeding;

(ii)  an official proceeding, other than a judicial proceeding, to administer the law;

(iii)  an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

(iv)  a legislative proceeding, including a proceeding of a legislative committee;

(v)  a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

(5)  "Governmental proceeding" means a proceeding, other than a judicial proceeding, by an officer, official, or body of this state or a political subdivision of this state, including a board or commission, or by an officer, official, or body of the federal government.

(6)  "Legal action" means a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief.  The term does not include:

(A)  a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief;

(B)  alternative dispute resolution proceedings; or

(C)  post-judgment enforcement actions.

(7)  "Matter of public concern" means a statement or activity regarding:

(A)  a public official, public figure, or other person who has drawn substantial public attention due to the person's official acts, fame, notoriety, or celebrity;

(B)  a matter of political, social, or other interest to the community; or

(C)  a subject of concern to the public.

(8)  "Official proceeding" means any type of administrative, executive, legislative, or judicial proceeding that may be conducted before a public servant.

(9)  "Public servant" means a person elected, selected, appointed, employed, or otherwise designated as one of the following, even if the person has not yet qualified for office or assumed the person's duties:

(A)  an officer, employee, or agent of government;

(B)  a juror;

(C)  an arbitrator, referee, or other person who is authorized by law or private written agreement to hear or determine a cause or controversy;

(D)  an attorney or notary public when participating in the performance of a governmental function; or

(E)  a person who is performing a governmental function under a claim of right but is not legally qualified to do so.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.
Amended by:
    Acts 2019, 86th Leg., R.S., Ch. 378 (H.B. 2730), Sec. 1, eff. September 1, 2019.

TAB C: Tex. C.P.R.C. §§ 27.002

Sec. 27.002.  PURPOSE.  The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

TAB D: Tex. Const. art. I § 19

Sec. 19.  DEPRIVATION OF LIFE, LIBERTY, PROPERTY, ETC. BY DUE COURSE OF LAW.  No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

(Feb. 15, 1876.)

TAB E: Tex. Const. art. I § 2

Sec. 2.  INHERENT POLITICAL POWER; REPUBLICAN FORM OF GOVERNMENT.  All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit.  The faith of the people of Texas stands pledged to the preservation of a republican form of government, and, subject to this limitation only, they have at all times the inalienable right to alter, reform or abolish their government in such manner as they may think expedient.

(Feb. 15, 1876.)

TAB F: Tex. Const. art. I § 27

Sec. 27.  RIGHT OF ASSEMBLY; PETITION FOR REDRESS OF GRIEVANCES.  The citizens shall have the right, in a peaceable manner, to assemble together for their common good; and apply to those invested with the powers of government for redress of grievances or other purposes, by petition, address or remonstrance.

(Feb. 15, 1876.)

TAB G: Tex. Const. art. I § 8

Sec. 8.  FREEDOM OF SPEECH AND PRESS; LIBEL.  Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press.  In prosecutions for the publication of papers, investigating the conduct of officers, or men in public capacity, or when the matter published is proper for public information, the truth thereof may be given in evidence.  And in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the Court, as in other cases.

(Feb. 15, 1876.)

TAB H: Tex. Elec. Code § 221.003

Sec. 221.003.  SCOPE OF INQUIRY.  (a)  The tribunal hearing an election contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not the true outcome because:

(1)  illegal votes were counted;  or

(2)  an election officer or other person officially involved in the administration of the election:

(A)  prevented eligible voters from voting;

(B)  failed to count legal votes;  or

(C)  engaged in other fraud or illegal conduct or made a mistake.

(b)  In this title, "illegal vote" means a vote that is not legally countable.

(c)  This section does not limit a provision of this code or another statute expanding the scope of inquiry in an election contest.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

TAB I: Tex. Elec. Code § 231.002

Sec. 231.002.  APPLICABILITY OF RULES GOVERNING CIVIL SUITS.  Except as otherwise provided by this subtitle, the rules governing civil suits in the district court apply to an election contest in the district court.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.

TAB: J Tex. Elec. Code § 233.014(g)

Sec. 233.014.  SPECIAL PROCEDURES FOR CONTEST OF CONSTITUTIONAL AMENDMENT ELECTION.  (a)  This section applies only to a contest of an election on a proposed constitutional amendment.

(b)  The contestant's petition must be filed and service of citation on the secretary of state must be obtained before the final official canvass is completed.

(c)  The declaration of the official result of a contested election may not be made until the contest is finally determined.  The secretary of state shall tabulate the county returns and the governor shall announce the final vote count, as ascertained from the returns, in a written document.  The document announcing the final vote count must state that a contest of the election has been filed and that the declaration of the official result will not be made until the contest is finally determined.

(d)  The trial date may not be earlier than the 45th day after the date of the contested election nor later than the 180th day after the date of the contested election.  The trial date may be earlier than the 45th day after the date of the contested election at the request of the contestant.

(e)  If an amended petition alleging additional grounds of contest is filed, the contest may not be called for trial earlier than the 20th day after the date the amended petition is filed unless the secretary of state agrees to calling the contest for trial at an earlier date.

(f)  The court shall include in its judgment in a contest an order directing the governor to declare the official result of the election or to declare the election void, as appropriate, not later than the 10th day after the date the judgment becomes final.

(g)  Any question relating to the validity or outcome of a constitutional amendment election may be raised in an election contest.  A contest is the exclusive method for adjudicating such questions.

(h)  If a contestant files an appeal of the contest, the appellate court must ensure that the action is brought to final disposition not later than the 180th day after the date the judgment becomes final.

Acts 1985, 69th Leg., ch. 211, Sec. 1, eff. Jan. 1, 1986.  Amended by Acts 1989, 71st Leg., ch. 163, Sec. 9, eff. Sept. 1, 1989.
Amended by:
Acts 2023, 88th Leg., R.S., Ch. 280 (S.B. 1054), Sec. 1, eff. September 1, 2023.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 99848265
Filing Code Description: Motion for Rehearing
Filing Description: Motion for Rehearing
Status as of 4/18/2025 4:40 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 4/18/2025 4:39:24 PM | SENT |
| Heather Couchman | | HeatherNTX@protonmail.com | 4/18/2025 4:39:24 PM | SENT |
| Jarrett Woodward | | digging4au@protonmail.com | 4/18/2025 4:39:24 PM | SENT |
| Carrisa Stiles | | carrisa.stiles@oag.texas.gov | 4/18/2025 4:39:24 PM | ERROR |